Sucesión Dávila et al., Demandantes y Apelantes, *v.* Sucesión Maldonado et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., sobre nulidad de declaratoria de herederos, partición de herencia y otros extremos.

No. 1763.—Resuelto en julio 12, 1918.

Sobrinos Naturales—Declaratoria de Herederos—Nulidad de Partición— Error de Derecho.—En el presente caso unos sobrinos naturales fueron declarados herederos de su tío natural en unión de un sobrino legítimo. Este no protestó, al contrario, de acuerdo con los sobrinos naturales celebró la partición de la herencia. Murió el sobrino legítimo y sus herederos, basándose en el artículo 1048 del Código Civil Revisado, solicitan la nulidad de la partición. *Se resolvió*, de conformidad con la jurisprudencia establecida en el caso de *Arández* v. *Báez*, 20 D. P. R. 389, que los demandantes carecían de acción para pedir la nulidad solicitada.

Resolución Definitiva del Pleito—Acción de Nulidad—Varios Demandados:— Aunque la sentencia apelada se dictó a virtud de la excepción de que la demanda no aducía hechos suficientes para determinar una causa de acción propuesta por sólo uno de los varios demandados, el pleito puede considerarse definitivamente resuelto en cuanto a todos, ya que si bien se solicitan diversas nulidades, todas descansan en la eficacia o no eficacia de cierta declaratoria de herederos y si se decide que tal declaratoria es válida o que no puede ser impugnada por los demandantes, caen por su base las dichas nulidades.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Leopoldo Carmona y Luis Llorens Torres.*

Abogado de los apelados: *Sr. Luis Muñoz Morales.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Según la demanda, Conrado Rivera y Dávila falleció el 28 de marzo de 1912 y el 24 de mayo del mismo año fueron declarados sus herederos su hermano natural Sebastián Dávila

y sus sobrinos naturales Germán, Carmen y Juan Gorry, y Luis Maldonado Dávila, dividiéndose luego la herencia en dos partes: una que se adjudicó al hermano y otra a los sobrinos.

La demanda es confusa pero de ella se desprende que Conrado Rivera dejó al morir por lo menos las siguientes fincas: A, una casa de piedra y azotea, situada en la calle de San Francisco, San Juan; B, un solar situado en Bayola, Santurce, San Juan, con una casa de bloques, y C, un predio de terreno de 80 cuerdas radicado en Aguas Buenas.

Se llevó a efecto una partición ante notario y la finca A se adjudicó a Sebastián Dávila, causante de los demandantes, para pago de deudas y Sebastián Dávila la vendió a la demandada Julia Márquez Crosas.

La finca B fué finalmente vendida al demandado Diego Aguero en la ejecución de una sentencia dictada por la Corte Municipal de San Juan, en un pleito seguido por el Banco Popular de Economías y Préstamos contra la Sucesión de Conrado Rivera, en cobro de obligaciones que se decían suscritas por el causante de dicha sucesión. Se alega que la corte actuó sin jurisdicción.

Y la finca C se adjudicó a Juan Gorry y se vendió en un pleito en que la Corte Municipal de Bayamón actuó, según la demanda, sin jurisdicción, habiéndola adquirido Anastacia Cintrón, quien la vendió al demandado Juan Orraca.

Los demandantes piden, entre otros pronunciamientos, que se anule la declaratoria de herederos de Conrado Rivera, porque sus sobrinos naturales no eran tales herederos de acuerdo con la ley; que se declare que el único heredero de Conrado Rivera es el causante de los demandantes, Sebastián Dávila, y que se entreguen a los demandantes todos los bienes relictos a su fallecimiento por Conrado Rivera.

No aparece en los autos alegación alguna por parte de los demandados Germán, Carmen y Juan Gorry, y Sucesión de Luis Maldonado. No consta si se les emplazó o no.

La demandada Julia Márquez, por medio de sus abogados, Muñoz y Brown, presentó una moción para eliminar.

El demandado Diego Aguero, por medio de su abogado, F. Soto Gras, presentó también una moción para eliminar.

Y, por último, el otro demandado Juan Orraca, por medio de su abogado E. Márquez, alegó que la demanda no aducía hechos suficientes para determinar una causa de acción.

El 14 de diciembre de 1916 se celebró la vista de la excepción del demandado Orraca y el 11 de mayo de 1917 la corte la declaró con lugar.

El 29 de octubre de 1917 comparecieron los demandantes y los demandados Julia Márquez y Diego Aguero, por medio de sus abogados, para la vista de las mociones eliminatorias. Los abogados de Márquez y Aguero alegaron como cuestión previa que no debía procederse a la vista de dichas mociones porque el pleito había quedado terminado al resolverse la excepción previa aducida por el demandado Orraca. La corte se reservó su resolución.

El 17 de noviembre de 1917 la corte resolvió la cuestión planteada el 29 de octubre por los abogados de Julia Márquez y Diego Aguero, en el sentido de que habiendo el pleito terminado por virtud de la resolución de la excepción previa indicada, no cabía oir ni resolver acerca de las mociones eliminatorias.

Así las cosas, el 21 de noviembre de 1917, los demandantes, al ser notificados de la resolución de la corte del 17 del mismo mes, pidieron a la corte que dictara sentencia, y la corte, en efecto dictó la sentencia contra la cual se ha interpuesto el presente recurso de apelación.

Sostiene el apelante en su alegato que la corte erró al negarse a proseguir el pleito, ya que en el mismo se ejercitaban varias acciones contra varios demandados.

Un estudio detenido de la demanda nos lleva a la conclusión de que si bien existen varios demandados y se solicitan diversas nulidades, es lo cierto que todo descansa en la validez o nulidad de la declaratoria de herederos de Con-

rado Rivera.   Si dicha declaratoria es válida o por lo menos no puede ser en la actualidad impugnada por los demandantes, caen por su base las pretensiones de éstos.   Y esa cuestión fundamental fué en verdad la resuelta por la corte de distrito al declarar con lugar la excepción previa del demandado Orraca.

Siendo esto así, no erró la corte al considerar resuelto definitivamente. el pleito no sólo en cuanto al demandado Orraca, sino en cuanto a todos los demandados.

Aceptando que de acuerdo con la ley y la jurisprudencia (véanse el artículo 913 del Código Civil y los casos de *Sucesión Pagán* v. *Pagán et al.,* 17 D. P. R. 145; *Correa et al.* v. *Correa et al.,* 18 D. P. R. 117; *Rijos* v. *Peña et al.,* 19 D. P. R. 147, y *Rijos* v. *Folgueras et al.,* 19 D. P. R. 149), los sobrinos naturales no tenían derecho a heredar, es lo cierto que fueron declarados herederos por una corte de justicia al par que el padre de los demandantes; que sin protesta alguna por parte del dicho padre de los demandantes se celebró la partición de la herencia en la forma indicada y que los bienes partidos han ido a poder de otras personas.

Bajo tales circunstancias, ¿pueden ahora los herederos de Sebastián Dávila solicitar la nulidad de la declaratoria y de la partición?

A nuestro juicio esta cuestión fué ampliamente estudiada y quedó definitivamente resuelta por esta Corte Suprema en el caso de *Arández* v. *Báez,* 20 D. P. R. 389, en el que esta corte dijo:

"Ahora bien, aunque el artículo 1048 expresa de modo terminante que la partición hecha con uno a quien se creyó heredero sin serlo, será nula, creemos, sin embargo, que dicho artículo se refiere al caso en que no es heredero la persona que se dice serlo por falta del hecho o condición que le da tal carácter. Semejante caso surgiría si un hombre dijera que era pariente de una persona fallecida sin tener consanguinidad alguna con la misma o si la persona no era en realidad la viuda del fallecido. La forma misma en que está redactado el artículo parece indicar un error de hecho. Difícil-

mente hablaría el legislador de una interpretación errónea de la ley, pues se presume que todo el mundo la conoce.''

Si la partición no puede impugnarse porque los sobrinos no fueran herederos, es claro que la demanda no aduce hechos suficientes en cuanto al demandado Orraca. Los bienes que actualmente posee fueron adjudicados a uno de los sobrinos y por tanto ninguna acción asiste a los demandantes en cuanto a ellos.

Tampoco contiene la demanda hechos suficientes para determinar una causa de acción en cuanto a la demandada Julia Márquez. En la partición se adjudicó al padre de los demandantes la casa en cuestión para que se encargara del pago de las deudas de la herencia, y la única razón que se alega para pedir la nulidad de la venta a la Sra. Crosas es que ésta conocía, por el conocimiento que está obligada a tener de la ley, que en la partición habían intervenido herederos que de acuerdo con la ley no lo eran.

En la demanda no se dice a quién se adjudicó la finca B que pertenece en la actualidad al demandado Aguero y es tan confuso todo cuanto se expresa en relación con la misma, que en verdad no puede sostenerse que surja claro el derecho de los demandantes a pedir que se anule el título de Aguero y se les restituya en el dominio del inmueble.

Por virtud de todo lo expuesto opinamos que debe confirmarse la sentencia apelada en el sentido de que dicha sentencia sólo resuelve que en el momento actual no pueden los demandantes impugnar la partición de la herencia de Conrado Rivera por el motivo de que en ella intervinieran como herederos sus sobrinos naturales. La sentencia así confirmada no será obstáculo para que los demandantes puedan ejercitar cualquiera otra acción independiente de que puedan estar asistidos.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.